**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0495n.06

**No. 08-5416**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STANLEY R. OLIVER, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| FEDERATED MUTUAL INSURANCE | ) | THE EASTERN DISTRICT OF |
| COMPANY, | ) | KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**FILED**
**Jul 15, 2009**
LEONARD GREEN, Clerk

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

**PER CURIAM**. Stanley Oliver appeals summary judgment in favor of Federated Mutual on his claims of discrimination in violation of the Age Discrimination in Employment Act (ADEA) and the Kentucky Civil Rights Act (KCRA). We affirm the well-reasoned opinion of the district court.

Under both the ADEA and KCRA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); K.R.S. § 344.040(1), (2). A plaintiff may support a claim of age discrimination in employment by offering either direct or circumstantial evidence of discrimination. *Mitchell v. Vanderbilt Univ*., 389 F.3d 177, 181 (6th Cir. 2004). If a plaintiff is unable to provide direct evidence of discrimination,

he may offer circumstantial evidence of an improper motive under the burden-shifting approach established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The district court properly determined that Oliver failed to present direct evidence of discrimination. The isolated statement made by Coaker, "[y]ou know, old guys like us, you and me, we can't type as fast as those younger guys," was not part of the decisional process and was unconnected in time and context to Oliver's termination. The conversation in which Coaker made this statement occurred prior to Oliver's retraining in LP gas, prior to Oliver's "NI" performance review, and prior to Oliver's placement on the Performance Improvement Plan. Oliver's failure to improve his LP gas evaluations, poor performance evaluations, and failure to improve in accordance with the Performance Improvement Plan were important factors in the decision to offer Oliver early retirement.

The district court also correctly concluded that Oliver failed to establish that Federated Mutual's articulated reason for the termination was simply a pretext designed to mask unlawful discrimination under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*.

In order to show pretext, a plaintiff must demonstrate that the defendant's proffered reason either: (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to motivate the action. *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000). Thus, the "plaintiff must produce sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendants . . . did not honestly believe in the proffered nondiscriminatory reason for its adverse employment action." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001) (internal quotation marks and citations omitted). Oliver argues

that Federated Mutual's proffered reason for Oliver's termination had no basis in fact and was insufficient to motivate his termination.

Oliver's arguments fail. First, there is substantial evidence in the record demonstrating Oliver's deteriorating work performance. Over the final three years of his employment, his performance evaluations steadily declined from "E" to "NI." He was retrained on LP gas after an audit of his work in this area was found to be unsatisfactory. After he was given an "NI" rating, Oliver was placed on a Performance Improvement Plan. At the conclusion of the plan, he was offered early retirement.

Second, Oliver has not provided evidence demonstrating that younger employees who engaged in substantially similar conduct were retained. He contends that Tim Magers and Heather Long, both Risk Consultants in their late 20s or early 30s, submitted late work product and were not terminated.

Oliver has failed to carry his burden for several reasons. First, he was not removed from his position solely for his failure to timely transmit his work. As indicated on his Performance Improvement Plan, timely transmission is just one of seventeen items listed. Second, he does not provide any evidence that either Magers or Long were Senior Risk Consultants, or that either of them had comparably poor performance evaluations. Finally, neither Magers nor Long was placed on a Performance Improvement Plan.

AFFIRMED.